IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NOVA NILLA ENTERTAINMENT, L.L.C., D/B/A PLAYERS CLUB; | § § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | SA-18-CV-00596-FB |
| PLAYERS NIGHTCLUB, LLC, D/B/A PLAYERS DFW; | § § § § | |
| *Defendant.* | § § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This report and recommendation concerns Defendant's Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer Venue [#4]. Also before the Court is Plaintiff's Response [#7] and Defendant's Reply [#9]. On August 6, 2018, the Honorable Fred Biery referred this case to the undersigned for disposition pursuant to Federal Rule of Civil Procedure 72 and Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. The undersigned has authority to enter this report and recommendation under 28 U.S.C. § 636(b)(1)(B). The Court held a hearing on the motion on September 27, 2018, at which both parties were present and represented through counsel. Having considered the motion, response, and reply, the record in this case, the applicable law, and the arguments of counsel at the hearing, the Court recommends that the motion be **DENIED.**

**I. Factual Background**

This case arises from a trademark dispute between two private nightclubs in Texas. On May 9, 2018, Plaintiff Nova Nilla Entertainment, L.L.C., doing business as Players Club, filed a

1

complaint against Defendant Players Nightclub, LLC, doing business as Players DFW, in the 288th District Court of Bexar County, Texas. Plaintiff operates a private nightclub in San Antonio, Texas, called "Players Club." (Compl.[1] at ¶ 7.) Defendant operates a private nightclub in Euless, Texas, a suburb of Dallas and Fort Worth, called "Players DFW." Both nightclubs cater to couples who embrace an "open-relationship lifestyle." (Def.'s Mot. [#4] at 2.) Plaintiff's complaint brings several claims under state law and a claim for unfair competition under Section 23(a) of the Lanham Act, 15 U.S.C. § 1125(a).

Plaintiff is the owner of a registered trademark for the word "Players." (Compl. at ¶ 7.) According to the complaint, in 2015, Defendant began to use a confusingly similar mark for its nightclub, "Players DFW." (*Id.* at ¶ 8.) Plaintiff alleges that the two marks "are confusingly similar in appearance and overall commercial impression." (*Id.*) Plaintiff further alleges that Defendant's use of its "Players DFW" mark "has resulted in confusion, mistake, and deception of the purchasing public." (*Id.*) Specifically, Plaintiff identifies two incidents of actual confusion of the two marks. In the first incident, a couple from Dallas visited Players Club on the mistaken assumption that their membership at Players DFW would be honored at Players Club. (*Id.* at ¶ 9.) In the second incident, Plaintiff received inquiries with respect to the affiliation of Players Club and Players DFW. (*Id.*) Plaintiff claims that to protect its reputation, it has had to continually clarify that it is a separate entity with a separate membership. (*Id.*)

Plaintiff served Defendant on May 28, 2018, and Defendant timely filed its Notice of Removal [#1] in this Court on June 15. Defendant now moves to dismiss this case for improper venue or, in the alternative, to transfer this case to the Northern District of Texas.

---

[1] Plaintiff's Complaint is attached as Part of Exhibit D to Defendant's Notice of Removal [#1].

## II. Analysis

Defendant seeks to dismiss this case for improper venue or, in the alternative, to transfer this case to the Northern District of Texas. First, Defendant argues that the only proper venue for a trademark infringement case is the district where the infringement occurred and that the allegedly infringing activity in this case occurred exclusively in the Northern District of Texas. The Court should reject this argument because venue in this removed case is governed by the general removal statute, 28 U.S.C. § 1441, which provides that this is the proper venue for Plaintiff's claims. Second, Defendant argues that this case should be transferred to the Northern District of Texas "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1441(a). The Court should reject this argument because Defendant has not met its burden of showing that the new venue is clearly more convenient than the original one. In sum, Defendant's motion should be denied in its entirety.

**A.    Defendant's Motion to Dismiss for Improper Venue should be denied.**

Under Rule 12(b)(3) of the Federal Rules of Civil Procedure, a party may move to dismiss an action on the basis of improper venue. "Once challenged, the burden of sustaining venue lies with the plaintiff." *Broadway Nat'l Bank v. Plano Encryption Techs., LLC*, 173 F. Supp. 3d 469, 473 (W.D. Tex. 2016). "[T]he court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007). In addition, in deciding whether venue is proper, "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachment." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009). Venue in removed cases is governed solely by 28 U.S.C. § 1441(a). *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953). Section 1441(a) authorizes

removal to the federal court "for the district and division embracing the place where [the state court] action is pending."

Defendant contends that venue is improper here for two reasons. First, the proper venue for a trademark infringement case is where the infringement occurred, and the alleged infringement in this case occurred exclusively in the Northern District of Texas. Second, Defendant claims that it does not have sufficient "minimum contacts" with the Western District of Texas for venue to be proper here. Specifically, Defendant notes that for purposes of determining the proper venue for a corporate defendant, the federal venue statute, 28 U.S.C. § 1391, treats each district in a multi-district state as its own separate state. Thus, a corporate defendant must have "minimum contacts" with a particular district in a multi-district state for venue to be proper in that district. Since Defendant, as a corporate defendant, operates exclusively in the Dallas-Fort Worth area, Defendant does not have the requisite "minimum contacts" with the Western District of Texas, or so Defendant argues.

1. <u>Defendant did not waive its right to challenge venue by removing this action to federal court.</u>

As a preliminary matter, Plaintiff claims that Defendant waived its right to challenge venue by filing a notice of removal. Plaintiff cites a recent decision of the Western District of Texas for the proposition that "it is consistent with the teaching of the Supreme Court that a defendant who removes an action waives his objection to venue." *Ed Jackson Dairy, LLC v. Monterey Mushrooms, Inc.*, No. W-17-CV-00161-RP, 2017 WL 7789276, at *1 (W.D. Tex. Aug. 7, 2017), *report and recommendation adopted*, No. 6:17-CV-161-RP, 2017 WL 7788140 (W.D. Tex. Oct. 16, 2017). Plaintiff misstates the central premise of *Ed Jackson*, that a defendant who removes an action may not challenge venue under 28 U.S.C. § 1391. After removing the case, the defendant in *Ed Jackson* argued that Section 1391 governed whether venue was proper in the

Western District of Texas. The court rejected this argument, stating that Section 1441(a), not Section 1391, governs venue in a removed action. Thus, *Ed Jackson* makes clear that a defendant who removes an action to federal court may not proceed to challenge venue under Section 1391, but nothing in that opinion suggests that the defendant may not challenge venue under Section 1441(a). At any rate, because venue is proper here, the question of whether a defendant waives its right to challenge venue as improper by filing a notice of removal is not before the Court.

    2.    <u>Venue in this removed case is governed by Section 1441(a), not Section 1391, and is proper in this Court.</u>

Defendant maintains that venue is improper here for two reasons: (1) the alleged infringement occurred exclusively in the Northern District of Texas; and (2) Defendant does not have sufficient "minimum contacts" with the Western District of Texas for venue to be proper here. Defendant's contentions miss the mark. Defendant's entire analysis on this point assumes, wrongly, that this dispute is governed by Section 1391.

Section 1391 is the default venue statute and determines proper venue in a civil action, unless another specialized venue statute applies. For venue to be proper under Section 1391(b), a civil action must be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." As the United States Supreme Court has explained, however, Section 1391 has no application to a removed action; rather, venue of removed actions is governed by Section 1441(a). *See Polizzi*, 345 U.S. at 665; *Collin Cty. v. Siemens Bus. Servs., Inc.*, 250 F. App'x 45, 51 (5th Cir. 2007) (stating that "[s]ection 1441(a), and not the ordinary federal venue statute, 28 U.S.C. § 1391, governs venue in removed cases") (alteration in original).

5

If Plaintiff had originally filed its complaint in a federal court, venue would be governed by Section 1391. However, this case was initially brought in a Texas state court and removed to this Court. Venue of removed actions is governed by Section 1441(a), and under that section venue was properly laid in the Western District of Texas. Section 1441(a) states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The Court has original jurisdiction over Plaintiff's claim for unfair competition under Section 23(a) of the Lanham Act. The San Antonio Division of the Western District of Texas is the district and division embracing Bexar County, Texas, the place where this action was pending at the time of removal. Therefore, the question of whether any of the alleged trademark infringement occurred in the Western District of Texas is irrelevant, and the discussion of that question is beside the point. Defendant based its argument that venue is improper here on a statute that has no application to this case.

    3.    <u>Because venue is proper in the Western District of Texas, dismissal under Section 1406(a) is inappropriate.</u>

Defendant also seeks dismissal or transfer of this case under 28 U.S.C. § 1406(a). Section 1406(a) states: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." As stated above, venue is proper in the San Antonio Division of the Western District of Texas. Thus, Section 1406(a) does not apply.

### 4. Venue would be proper here even under Section 1391.

Even if venue in this case were to be determined on the basis of 28 U.S.C. § 1391, the Court would still find that venue is proper here. That is because a substantial part of the events giving rise to the trademark infringement claims occurred in the Western District of Texas. Defendant insists that the alleged infringement occurred entirely in the Northern District of Texas. Defendant operates a lone private nightclub in Euless, Texas, a suburb of Dallas and Fort Worth. According to Defendant, it advertises and distributes promotional materials for its nightclub only in the Dallas-Fort Worth area, and it does not solicit customers in San Antonio. Defendant cites two cases in support of its argument that the allegedly infringing activity did not occur in the Western District of Texas. *See Bacchanal Hosp., LLC v. Cured, LLC*, No. 16-CV-207 (RCL), 2017 WL 1314194 (W.D. Tex. Feb. 24, 2017); *Hopdoddy Burger Bar Inc. v. Blacketer*, No. 1-15-CV-233 RP, 2015 WL 4624644 (W.D. Tex. July 31, 2015). Defendant's reliance on *Bacchanal* and *Hopdoddy* is inapposite.

*Bacchanal* involved a dispute over the use of the word "CURED." In that case, the operator of a restaurant called "Cured," in the historic Pearl Brewery on the San Antonio Riverwalk, sued a small store called "Cured," in Boulder, Colorado, alleging that the store was infringing its trademark rights by targeting Texas and actively doing business and making sales of its products in Texas under the name "CURED." The defendant filed a motion to transfer venue under Section 1404(a), arguing that the District of Colorado would be a more convenient venue for the dispute because that is where the allegedly infringing activity occurred. The court denied the motion, finding that a substantial part of the events giving rise to the claims occurred in Texas.

Defendant's reliance on *Bacchanal* is misplaced for two reasons. First, that case involved a motion to transfer venue under Section 1404(a), not a motion to dismiss for improper venue under Section 1406(a) and Rule 12(b)(3). More importantly, the *Bacchanal* court found that a substantial part of the events giving rise to the claims occurred in Texas because the allegedly deceived consumers were in Texas. The court reasoned that "[t]o the extent plaintiff is claiming confusion or deception among Texas consumers, the events giving rise to those claims occurred in Texas. Presumably, the physical evidence and witnesses to those claims also exist in Texas." *Bacchanal*, 2015 WL 4624644, at *3. In other words, because the allegedly deceived consumers were in Texas, the court found that the allegedly infringing activity occurred in Texas. Here, Plaintiff alleges that Defendant's use of the name "Players DFW" "has resulted in confusion, mistake, and deception of the purchasing public." (Compl. at ¶ 8.) Specifically, Plaintiff states that some of its customers in San Antonio have been deceived by Defendant's use of a "confusingly similar" mark for its nightclub. (*Id.*) Thus, the allegedly deceived consumers are in the Western District of Texas. It would therefore appear that *Bacchanal* actually supports venue in the Western District of Texas.

In *Hopdoddy*, the owner of a Texas-based chain of restaurants named "Hopdoddy Burger Bar" sued two restaurants in Tulsa, Oklahoma, (and one of their owners) for allegedly being self-franchised facsimiles of Hopdoddy. Hopdod9dy alleged that the defendants gathered on-site information at Hopdoddy Burger Bars in Austin, Texas, with the intent to recreate those restaurants in Tulsa. Defendants filed a motion to transfer under Section 1406(a), arguing that venue properly lied in Oklahoma. Because the allegedly deceived consumers were in Oklahoma, the court transferred the case to the Northern District of Oklahoma.

8

As with its reliance on *Bacchanal*, Defendant's reliance on *Hopdoddy* is misplaced. The only connection that Texas had to that case was that one of the defendants made one trip to Texas to visit a few of the Hopdoddy locations there. There were no allegations that the defendants specifically targeted consumers in Texas or that Texas consumers were confused or deceived by the defendant. Here, however, Plaintiff alleges that Defendant has repeatedly targeted consumers in the Western District of Texas. Exhibit A to Plaintiff's Response contains a copy of promotional material published by Defendant. It promises special rates to couples who have a driver's license from, among other places, Austin, San Antonio, and El Paso, and encourages couples from these places to "plan your road trip now!" (Pl.'s Resp. [#7-2] at 2.) Additionally, the Declaration of Tomas Griffin in Support of Plaintiff's Response states, "[W]hen I accessed DFW's website (playersdfw.com) today, the first event currently being advertised by DFW is an event taking place in Austin, Texas." (Griffin Decl. [#7-1] at 2.) Thus, unlike in *Hopdoddy*, allegedly deceived consumers are in the transferor district. It is not clear whether the *Hopdoddy* court would have transferred the case if, as is the case here, allegedly deceived consumers were in the transferor district.

Because allegedly deceived consumers are in the Western District of Texas, the Court would find that venue properly lies in the Western District of Texas under 28 U.S.C. § 1391.

**B.     Defendant's Motion to Transfer Venue under Section 1404(a) should also be denied.**

The final issue before the Court is whether this case should be transferred to the United States District Court for the Northern District of Texas under Section 1404(a). Section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The statute "is

intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack,* 376 U.S. 612, 622 (1964)).

In deciding whether to transfer a case to another district, the court must first determine whether the case "might have been brought" in the destination venue. Second, the court must determine whether a transfer of venue under Section 1404(a) is "[f]or the convenience of parties and witnesses, in the interest of justice." Because a plaintiff has the privilege of choosing the venue in which to file, a defendant seeking to transfer venue under Section 1404(a) carries the burden of showing "good cause." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). To satisfy this "good cause" burden, the defendant must show that the destination venue is "clearly more convenient" than the venue chosen by the plaintiff. *Id.* "Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.*

"The determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private concerns are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). The public concerns are:

> (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*Id.*

The preliminary question under Section 1404(a) is whether this case "might have been brought" in the destination venue. Defendant seeks to transfer this case to the Northern District of Texas. Plaintiff has not disputed that this case could have been filed originally in the Northern District of Texas. But beyond this preliminary and undisputed question, the parties sharply disagree over whether Defendant has met its burden of showing "good cause" for transfer.

The parties concede that several private and public concerns are not relevant to this dispute. The only contested private interest factor is the relative ease of access to sources of proof. The only contested public interest factors are (1) the administrative difficulties flowing from court congestion and (2) the local interest in having localized interests decided at home.

The Court first considers the private interest factor concerning the relative ease of access to sources of proof. This factor weighs slightly in favor of transfer. The sources of proof requirement is a meaningful factor in the Section 1404(a) analysis. Although "access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments," that "does not render this factor superfluous." *In re Volkswagen of Am.*, 545 F.3d at 316. Defendant contends that this factor weighs in favor of transfer as all of the documents and physical evidence relating to the operation of its business and its allegedly unauthorized use of Plaintiff's "Players" mark are located in Fort Worth; all of its officers and employees are located in Fort Worth; and all of its witnesses reside in Fort Worth. For its part, Plaintiff contends that all sources of proof will be readily accessible in the Western District of Texas; that all of its officers and employees are located here; that two of its witnesses live here; and that, in light of Defendant's alleged attempts to solicit customers in the Western District of Texas, additional witnesses are likely to live here as well. Because witnesses and the companies' documentary evidence are located in both San Antonio and Fort Worth, sources of proof are

located in both the transferor and transferee district. Thus, at most, this factor tilts slightly in favor of transfer to the Northern District of Texas. And none of the other relevant factors weigh in favor of transfer.

The Court now considers the public interest factor concerning the administrative difficulties flowing from court congestion. This factor is neutral or, at best, slightly favors transfer. Defendant asserts that, because the Western District of Texas has more weighted filings per authorized judgeship than the Northern District of Texas—734 to 575[2]—the latter is less congested and transferring this case would therefore yield fewer administrative difficulties. While the Western District of Texas is more congested than the Northern District of Texas, both districts have well above average weighted filings per authorized judgeship. Indeed, the Northern District of Texas, despite having over 150 fewer weighted filings per authorized judgeship than the Northern District of Texas, is one of the busiest federal districts in the nation. While it may, on average, take slightly longer for a case to be resolved in the Western District of Texas, this factor is not a "race between the courts." *Eight One Two, LLC v. Purdue Pharma L.P.*, No. 313-CV-2981-K, 2014 WL 7740476, at *4 (N.D. Tex. May 16, 2014). Each case is unique, and whether this case would progress more rapidly here or in the Northern District of Texas is largely a matter of speculation. Thus, that the transferor district has more weighted filings per authorized judgeship than the transferee district is not, by itself, a reason to transfer.

Finally, the Court considers the public interest factor concerning the local interest in having localized interests decided at home. This factor generally favors the place where the events giving rise to the claim occurred. As discussed above, the events giving rise to this

---

[2] *See U.S. District Courts Caseload Statistics*, available at http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distcomparison0630.2018.pdf.

dispute occurred in *both* the Western District of Texas and the Northern District of Texas. Both have a local interest in adjudicating this matter. Thus, this factor is neutral.

Based on the foregoing analysis, the Court concludes that Defendant has failed to prove that transfer to the Northern District of Texas would be "clearly more convenient" than the Western District of Texas. *In re Volkswagen of Am.*, 545 F.3d at 315. Five of the six public and private interest factors are neutral, and the private interest factor concerning the relative ease of access to sources of proof tilts only slightly in favor of transfer. Essentially, then, transferring this case to the Northern District of Texas would be about as inconvenient to Plaintiff as keeping this case in the Western District of Texas would be to Defendant. And this court has cautioned that "[v]enue should not be transferred when the result would be to shift the expense and inconvenience from one party to another." *Mitchell v. McKibbon Hotel Grp., Inc.*, No. SA-17-CA-1244-FB, 2018 WL 1887295, at *2 (W.D. Tex. Feb. 22, 2018)

## IV. Conclusion

For the reasons set forth above, the undersigned recommends that Defendant's Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer Venue, be **DENIED.**

## V. Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party

13

filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 12th day of October, 2018.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE